UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21903-CIV-LENARD/GOODMAN

**UNITED STATES OF AMERICA**,

    Plaintiff,
vs.

**LYNN M. BOVE**,

    Defendant.
_____/

**ORDER REFERRING PRELIMINARY STATUS CONFERENCE, DISCOVERY DISPUTES AND CERTAIN PRETRIAL MOTIONS TO MAGISTRATE JUDGE; DIRECTING PARTIES TO FILE CERTIFICATES OF INTERESTED PARTIES; DIRECTING PARTIES TO FILE A NOTICE OF REFILING AND/OR OF RELATED CASES; REQUIRING COMPLETION OF FORM CONSENTING TO JURISDICTION BY MAGISTRATE JUDGE; AND REQUIRING COMPLETION OF JOINT SCHEDULING REPORT AND FORM**

**THIS CAUSE** is before the Court upon a sua sponte review of the file.

1. **THIS MATTER IS REFERRED TO US MAGISTRATE JUDGE JONATHAN GOODMAN FOR A PRELIMINARY STATUS CONFERENCE TO BE SET BY MAGISTRATE GOODMAN**

**IT IS FURTHER ORDERED that**

2. **PRETRIAL DISCOVERY DISPUTES AND CERTAIN NON-CASE-DISPOSITIVE MOTIONS ARE REFERRED TO THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is referred to United States Magistrate Judge **JONATHAN GOODMAN** to take all necessary and proper action as required by law with respect to **all discovery disputes and discovery motions as well as non-case-dispositive motions filed under Federal Rules of Civil Procedure 12, 13,**

Case No. 14-21903-CIV-LENARD/GOODMAN

14 and 15.

**IT IS FURTHER ORDERED that**

3.  **THE PARTIES SHALL SUBMIT CERTIFICATES OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENTS**

Plaintiff, Defendants, Intervenors and Amici Curiae shall each file a Certificate of Interested Persons and Corporate Disclosure Statement, which shall contain a complete list of **any and all** persons, associated persons, firms, partnerships, and/or corporations that have a financial interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a Party.  The Parties shall take notice that this disclosure obligation exceeds the scope of that required by Rule 7.1 of the Federal Rules of Civil Procedure.  However, if a Party is a publicly-traded corporation, that Party is directed to so state and need not provide more information than is required by Rule 7.1.

The Parties shall have **fifteen (15) days from the date of this Order** to file the original Certificate.  Throughout the pendency of this action, the Parties shall remain under a continuing duty to amend, correct and update the Certificate.

**IT IS FURTHER ORDERED that**

4.  **THE PARTIES SHALL FILE NOTICES OF REFILING AND/OR OF RELATED CASES**

The attorneys of record for the Plaintiff(s), Defendant(s), or any other party shall file a Notice of Refiling and/or of Related Cases, containing a list of any action, whether filed before a court or administrative agency, that is described in Section 2.15.00 of the Internal

Operating Procedures of the Southern District of Florida.  In particular, the Notice shall specifically identify and describe any action that constitutes a previous filing of the above-captioned cause as well as any action that concerns substantially similar factual allegations and legal issues.  Each Party shall have **fifteen (15) days from the date of this Order** to file the Notice, and the attorneys of record shall remain under a continuing duty to amend, correct and update the Notice.

**IT IS FURTHER ORDERED that**

5.  **THE PARTIES ARE TO JOINTLY COMPLETE THE ATTACHED FORM CONSENTING TO JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C. § 636(c), the parties are notified that a United States Magistrate Judge is available to exercise the Court's jurisdiction and to conduct any or all proceedings in this case including a jury or non-jury trial, and the entry of a final judgment.  The Magistrate Judge may only exercise the Court's jurisdiction, however, if all parties voluntarily consent.

Any party may, without adverse substantive consequences, withhold consent.  If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any Magistrate Judge or to the District Judge to whom the case has been assigned.

A Party may appeal a judgment that a Magistrate Judge enters directly to the United States Court of Appeals in the same manner as the Party would appeal any other judgment of the District Court.  Therefore, in light of the advantages that may be offered by trial

Case No. 14-21903-CIV-LENARD/GOODMAN

before a U.S. Magistrate Judge, such as an earlier, or specially-set trial date, the Parties are urged to consider consenting to magistrate jurisdiction for trial and other related matters. **Within thirty (30) days of the date of this Order**, counsel shall, after conferring with their respective clients, meet in person, by telephone or by other comparable means to complete and file the attached form titled, "Joint Consent to Jurisdiction by a United States Magistrate Judge."

To the extent that this Order conflicts with the Local Rules, this Order supercedes them. The Parties and all counsel are reminded of their ongoing duties to comply with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida, including Rules 5.1(a)-(d) and 7.1(a)-(f).

**IT IS FURTHER ORDERED that**

6. **THE PARTIES SHALL PREPARE AND FILE A JOINT SCHEDULING REPORT AND FORM**

Pursuant to Southern District of Florida Local Rule 16.1(B), counsel for all Parties (or the Party, if proceeding pro se) shall meet in person, by telephone or by other comparable means for a scheduling conference and shall prepare the Joint Scheduling Report and Form.

**THEREFORE,**

**Within thirty (30) days of the date of this Order**, the Parties shall file a Joint Scheduling Report. The Report shall be submitted jointly by the Parties; unilateral reports will not be accepted. The Joint Scheduling Report shall include the following information:

Case No. 14-21903-CIV-LENARD/GOODMAN

    a.    A discussion of the likelihood of settlement;

    b.    A discussion of the likelihood of appearance in the action of additional parties;

    c.    The necessity or desirability of amendments to the pleadings;

    d.    A proposal for the formulation and simplification of issues, including the elimination of frivolous claims or defenses;

    e.    Suggestions for the avoidance of unnecessary proof and of cumulative evidence;

    f.    A discussion of possible admissions of fact; of possible stipulations regarding the authenticity of documents; and of the need for advance rulings from the Court on the admissibility of evidence;

    g.    A preliminary estimate of the time required for trial; and

    h.    Any other information that might be helpful to the Court.

**IN ADDITION**,

As an attachment to the Joint Scheduling Report**, the Parties shall also file a completed copy of the attached form, titled "Joint Scheduling Form."** All deadlines provided in the form shall be <u>date specific</u>, e.g. January 1, 2006. The Court shall issue a Scheduling Order incorporating, whenever possible, the dates requested by the Parties and counsel. All Parties and counsel shall comply with the time periods adopted in the Scheduling Order so as not to disrupt the dates set for the pretrial conference and trial. The dates and deadlines established by the Scheduling Order shall not be amended

without leave of Court upon a showing of good cause.

The Parties and counsel need not submit a proposed Scheduling Order.

**MEDIATION**.  In addition to ordering all Parties to participate in mediation following the close of discovery, the Court may order all parties to participate in <u>initial</u> mediation within sixty (60) days upon the appearance of all Parties to this action.  In the event <u>initial</u> mediation is unsuccessful in resolving all claims, the Parties shall be required to participate in a subsequent mediation no later than two (2) weeks after the close of fact discovery.

**IT IS ORDERED that**

Plaintiff is hereby **DIRECTED** to provide a copy of this Order to all Parties entering an appearance or filing a response in this matter who are not currently reflected below.

**LAST, IT IS ORDERED that**

The body of all filings shall be doubled-spaced (with the exception of block quotations) and shall be printed in 12 point or larger type in an easily-readable font.  All page limitations set forth by the Local Rules shall be observed.  Non-compliant filings may be stricken from the record.

Case No. 14-21903-CIV-LENARD/GOODMAN

**DONE AND ORDERED** in Chambers at Miami, Florida this 16th day of July, 2014.

/s/ Joan A. Lenard
**JOAN A. LENARD
UNITED STATES DISTRICT JUDGE**

Case No. 14-21903-CIV-LENARD/GOODMAN

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### MAGISTRATE JUDGE GOODMAN'S DISCOVERY PROCEDURES

The following discovery procedures apply to all civil cases in which discovery is referred to United States Magistrate Judge Jonathan Goodman.

### OVERALL STATEMENT

The Court designed these procedures to help the Parties and the Court work **together** to timely resolve discovery disputes without undue delay and unnecessary expense.

### MEET AND CONFER

Counsel **must** actually confer (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes **before** filing discovery motions. In other words, there must be **an actual conversation** before a discovery motion is filed. If counsel refuses to participate in a conversation, then the movant shall so state in the required certificate of conference and outline the efforts made to have a conversation.

The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought, is being withheld in bad faith or if a party fails to confer in good faith. Sending an email or telefax to opposing counsel with a demand that a discovery response or position be provided on the same day will rarely, if ever, be deemed a good faith effort to confer before filing a discovery motion.

### DISCOVERY CALENDAR AND NO DISCOVERY MOTIONS

No written discovery motions, including motions to compel, for protective order, or related motions for sanctions shall be filed unless directed by the Court at the discovery calendar.  This procedure is intended to minimize the need for discovery motions.

If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, then the Court holds a regular discovery calendar every Friday afternoon. The moving party shall contact Chambers at (305) 523-5720 and place the

Case No. 14-21903-CIV-LENARD/GOODMAN

matter on the next available discovery calendar. The movant shall contact Chambers no later than 5 business days preceding the discovery calendar, and shall do so after conferring with opposing counsel and confirming his or her availability for the discovery calendar.

On the same day that the matter is placed on the discovery calendar, the movant shall provide notice to all relevant parties by filing a Notice of Hearing and serving a copy on opposing counsel through the Court's electronic docketing system. The Notice of Hearing shall identify the substance of the discovery matter to be heard. (For example, "The Parties dispute the appropriate time frame for Plaintiff's Interrogatory Nos. 1, 4-7, and 10.") Ordinarily, no more than ten (10) minutes per side will be permitted. The movant shall include in this Notice of Hearing a certificate of good faith that complies with S.D. Fla. L. R. 7.1 (A)(3).

The movant shall provide the Court a copy of all source materials relevant to the discovery dispute, via hand-delivery or through a document that is emailed to the CM/ECF mailbox (goodman@flsd.uscourts.gov) on the date that the Notice of Hearing is filed. (For example, if the dispute concerns interrogatories, the interrogatories at issue and the responses thereto, shall be provided.)

The Court expects all parties to engage in reasonable compromise to facilitate the resolution of their discovery disputes. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is being withheld in bad faith.

These procedures do not relieve parties from the requirements of any Federal Rule of Civil Procedure or Local Rule, except as noted above.

**PRE-HEARING DISCUSSIONS**

The mere fact that the Court has scheduled a discovery hearing/conference does not mean that the parties should no longer try to resolve the dispute. To the contrary, the parties are encouraged to continually pursue settlement of disputed discovery matters. If those efforts are successful, then counsel should **contact Chambers** as soon as practicable so that the hearing can be timely canceled. Alternatively, if the parties resolve some, but not all, of their issues before the hearing, then counsel shall also timely **contact Chambers** and provide notice about those issues which are no longer in dispute (so that the Court and its staff do not unnecessarily work on matters no longer in dispute).

Case No. 14-21903-CIV-LENARD/GOODMAN

### EXPENSES, INCLUDING ATTORNEY'S FEES

The Court reminds the parties and counsel that Fed. R. Civ. P. 37(a)(5) requires the Court to award expenses, including fees, unless an exception (such as the existence of a substantially justified, albeit losing, discovery position) applies to the discovery dispute and ruling.

### NO BOILERPLATE DISCOVERY OBJECTIONS

#### "Vague, Overly Broad and Unduly Burdensome"

Parties shall not make conclusory boilerplate objections. Such objections do not comply with Local Rule 26.1(g)(3)(A), which provides that, "[w]here an objection is made to any interrogatory or sub-part thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds." Blanket, unsupported objections that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and the Court will disregard such objections. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4); *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982) ("the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory."). Testimony or evidence may be necessary to show that a particular request is in fact burdensome.

#### "Irrelevant or Not Reasonably Calculated to Lead to Admissible Evidence"

As with the previous objection, an objection that a discovery request is irrelevant or not reasonably calculated to lead to admissible evidence must include a specific explanation describing **why** the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence. The Court reminds the parties that the Federal Rules allow for broad discovery, which does not need to be admissible at trial. *See* Fed. R. Civ. P. 26(b)(1); Local Rule 26.1(g)(3)(A); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978).

#### No Formulaic Objections

Parties should avoid reciting a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such a boilerplate

objection and answer preserves nothing, and constitutes only a waste of effort and the resources of both the parties and the Court. Further, such practice leaves the requesting party uncertain as to whether the responding party fully answered. *See also* Local Rule 26.1(g)(3)(A). Counsel should specifically state <u>whether</u> the responding party is fully answering or responding to a request and, <u>if not, specifically identify the categories of information that have been **withheld** on an objection-by-objection basis</u>.

### Objections Based upon Privilege

Generalized objections asserting attorney-client privilege or the work product doctrine also do not comply with the Local Rules. Local Rule 26.1(g)(3)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identifying details such as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other. Parties must review this Local Rule carefully, and refrain from objections in the form of: "Objection. This information is protected by attorney/client and/or work product privilege."